OPINION OF THE COURT
Joan S. Kohout, J.
A petition was filed by the Monroe County Department of *517 Social Services on June 3, 1998 pursuant to Social Services Law .§ 384-b (4) (c). The petition alleged that the respondent, Vanessa F., suffered from a mental illness and that her parental rights concerning her child J. F. (born Nov. 19, 1990) should be terminated.
The respondent personally appeared and counsel was assigned for her and a Law Guardian was assigned to represent the interests of the child. A psychiatric examination was ordered as required by Social Services Law § 384-b (6) (e). Ultimately, the case was scheduled for fact-finding, which occurred on December 14, 1998 and January 11, 1999. The respondent failed to appear on either date, although her attorney was present.
At the conclusion of the fact-finding hearing, the Law Guardian recommended that the petition be sustained and that the respondent’s parental rights be terminated.
FINDINGS OF FACT
The petitioner Department of Social Services called only one witness at the fact-finding hearing, forensic psychiatrist R. P. Singh, M.D. Dr. Singh testified that he met with Vanessa F. in September 1998 for the court-ordered psychiatric evaluation. In addition, he reviewed psychiatric records, records from the Department of Social Services and spoke with her current therapist at Strong Ties. Dr. Singh testified that it was customary to rely on psychiatric history and that his review of the respondent’s history indicated that she had a 15-year history of mental illness and polysubstance abuse, including numerous hospitalizations. His diagnosis was schizophrenia, paranoid, chronic type and cocaine dependence. At the time of the evaluation, Dr. Singh found that Ms. F. had poor insight into her illness and denied her extensive cocaine dependence. He noted a paranoid quality to many of her statements.
Dr. Singh noted that a review of the respondent’s psychiatric history revealed that she had been offered numerous interventions and services, but was mainly noncompliant with treatment. He testified that her cocaine addiction complicated her situation and that she had moved many times, and exhibited indications of an inability to adequately care for herself.
Dr. Singh testified that it was his opinion that Ms. F. was presently unable to provide adequate care for her son J. as a result of her mental illness and that he expected she would continue to be unable to adequately care for him for the foreseeable future.
*518 Dr. Singh’s written evaluation, which was received in evidence as exhibit 1, confirms his diagnosis and provides additional details regarding Ms. F.’s long history of mental health problems.
No proof or testimony was presented by the respondent. Respondent’s counsel was present but did riot participate, since Ms. F. was absent.
CONCLUSIONS OF LAW
In this termination of parental rights proceeding the Department of Social Services is required to prove by clear and convincing proof (see, Social Services Law § 384-b [3] [g]; Santosky v Kramer, 455 US 745) that the respondent is presently and for the foreseeable future unable to adequately care for her child as a result of her mental illness. (Social Services Law § 384-b [4] [c]; Matter of Hime Y., 52 NY2d 242 [1981].) Additionally, petitioner must prove that the child in question has been “in the care of an authorized agency for the period of one year immediately prior to the date on which the petition is filed in the court”. (Social Services Law § 384-b [4] [c].)
The court-appointed psychiatrist, Dr. Singh, clearly described the mental illness suffered by Ms. F. and how that illness resulted in her present and future inability to adequately care for J. After reviewing her long history of psychiatric problems, Dr. Singh could offer little hope that Ms. F.’s psychiatric condition could improve to such an extent that she would be able to properly parent her son. (Cf., Matter of Hime Y., 52 NY2d 242 [1981], supra; see also, Matter of Jarred R., 236 AD2d 888 [4th Dept 1997].)
Petitioner, however, failed to provide proof as to where J. presently resides or whether he is in the care of the Commissioner of Social Services. An essential element of this termination of parental rights cause of action for mental illness under Social Services Law § 384-b (4) (c) is proof that the child has been in the Agency’s care for one year immediately prior to the filing date. The petition in this case was filed on June 3, 1998. Thus, petitioner was required to prove that the child was in foster care from June 3, 1997 to June 3, 1998. As previously noted, the proof of this fact must be clear and convincing. The court cannot determine whether the child was in foster care *519 throughout this period without proper and competent[1] proof on this issue. Although the caseworker was in the courtroom throughout the trial, he was never called as a witness.[2]
Based upon the failure of the petitioner to prove all the necessary elements of the cause of action, the petition is denied and the action is dismissed. The Department of Social Services, of course, is free to proceed with the permanent neglect case that has also been filed concerning Ms. F.

. While Dr. Singh’s report makes some reference to J.’s “removal” from his mother, the report does not provide the needed information. Additionally, this information was likely based on hearsay from the Department of Social Services records and was thus not competent proof satisfactory to terminate parental rights.

. Indeed, the failure to call petitioner’s representative who could have resolved the issue of whether the child had been in foster care during the critical period, if requested, may well have warranted that a negative inference be drawn. (See, Prince, Richardson on Evidence § 3-140, at 89 et seq. [Farrell 11th ed].)